# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE RIZZO, | CASE NO. 1:05-CV-01270-OWW-SMS-P |
|               Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON FREEDOM OF ASSOCIATION CLAIM |
|    v. | |
| JAMES A. YATES, et al., | |
|               Defendants. | (Doc. 1) |

I.      Screening Order

     A.      Screening Requirement

Plaintiff Pierre Rizzo ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 9, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

   B. Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names Warden James A. Yates, Chief Deputy Warden A. J. Malifi, Associate Warden J. Mattingly, E. Parks, P. Ortiz, Martin, H. Allison, and S. Kern as defendants.

The basis for plaintiff's claims in this action is the suspension of his family (overnight) visitation privileges and the restriction on his visitation with minors, which precludes him from any visitation with his minor son. The restrictions were imposed pursuant to prison regulations, based primarily on police reports concerning plaintiff's arrest. Plaintiff alleges the restrictions violated his

///

rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Eighth Amendment, and the First Amendment.

    C.    <u>Plaintiff's Claims</u>

        1.    <u>Due Process Claim</u>

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>. Thus, the application of Title 15 regulations, the violation of Title 15 Regulations, or the incorrect application of Title 15 regulations does not support a claim for relief under section 1983 for violation of the Constitution, unless the application, violation, or misapplication impinges upon a constitutional right.

The Due Process Clause protects prisoners from being deprived of life, liberty or property without due process of law. <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 459-60 (1989). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460 (quoting <u>Hewitt</u>, 459 U.S. at 468). With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

Plaintiff does not have a constitutionally protected right to contact visitation. <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); <u>Casey v. Lewis</u>, 4 F.3d 1516, 1523 (9th Cir. 1993); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1113-114 (9th Cir. 1986). As a result, the only

claim of constitutional significance stemming from the visitation restriction is the claim that plaintiff was denied all visitation with his son. Assuming plaintiff has a protected liberty interest in non-contact visitation with his son, plaintiff has not alleged that he was deprived of his protected interest without the procedural protections he was due. Plaintiff's disagreement with the decision is insufficient to support a procedural due process claim, as defendants may deprive plaintiff of a protected interest so long as they provide him with process. Under federal law, plaintiff is entitled only to minimum protections, namely notice and an opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-58, 94 S.Ct. 2963, 2975-76 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1098-1100 (9th Cir. 1986) (overruled in part by Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2300 (1985) with respect to how states create liberty interests). The court notes that on page 3a of the complaint, plaintiff wrote "(Right to have CDC follow its own rules)" next to due process claim. (Comp., p. 3(a).) As explained in the first paragraph of this section, the failure of CDC to follow its regulations is insufficient to support a claim that plaintiff was deprived of procedural due process.

Accordingly, plaintiff fails to state a claim upon which relief may be granted for violation of the Due Process Clause. Plaintiff will be provided with the opportunity to amend this claim, if he believes in good faith that the deficiencies are curable.

2.   Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,

///

1    1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an

2    individual was personally involved in the deprivation of his civil rights."  Barren, 152 F.3d at 1194.

3        Although plaintiff alleges that the visitation restrictions violated his right to equal protection,

4    plaintiff has not alleged any facts that support a claim that defendants intentionally discriminated

5    against him.

6                    3.    Eighth Amendment Claim

7        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

8    conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,

9    452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

10   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

11   Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

12   1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of

13   confinement, prison officials may be held liable only if they acted with "deliberate indifference to

14   a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

15       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

16   Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

17   (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

18   to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme

19   deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

20   Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part

21   of the penalty that criminal offenders pay for their offenses against society, only those deprivations

22   denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

23   of an Eighth Amendment violation."  Id. (quotations and citations omitted).

24       Although plaintiff alleges the visitation restrictions violated his rights under the Eighth

25   Amendment, the restrictions at issue simply do not rise to the level of an Eighth Amendment

26   violation.  See Overton v. Bazzetta, 539 U.S 126, 136-37, 123 S.Ct. 2162, 2170 (2003).

27   ///

28   ///

4.     First Amendment Claim

Plaintiff alleges that the visitation restrictions interfered with his right to associate.  "An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration."  Overton, 539 U.S. at 131, 123 S.Ct. at 2167.  Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context."  Id.  However, inmates appear to retain some right to intimate association, albeit a limited right.  Id.

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Malifi, Mattingly, Parks, Ortiz, Martin, Allison, and Kern for violation of plaintiff's right of association under the First Amendment.  However, plaintiff has not alleged facts sufficient to give rise to a claim against defendant Yates, the warden of Pleasant Valley.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

D.     Conclusion

The court finds that plaintiff's complaint states a claim upon which relief may be granted under section 1983 against defendants Malifi, Mattingly, Parks, Ortiz, Martin, Allison, and Kern for violation of the right to association under the First Amendment.  However, the court finds that plaintiff's complaint does not state a claim against defendant Yates and does not state any other

6

1  claims upon which relief may be granted under section 1983.  The court will provide plaintiff with

2  the opportunity to file an amended complaint, if plaintiff wishes to do so.

3       If plaintiff does not wish to file an amended complaint and wishes to proceed against

4  defendants Malifi, Mattingly, Parks, Ortiz, Martin, Allison, and Kern for violation of the right to

5  association under the First Amendment only, plaintiff may so notify the court in writing.  The court

6  will then issue Findings and Recommendations recommending that the remaining claims and

7  defendant Yates be dismissed from this action, and will forward plaintiff seven summonses and

8  seven USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court

9  will direct the United States Marshal to initiate service of process on defendants Malifi, Mattingly,

10  Parks, Ortiz, Martin, Allison, and Kern.

11      In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

12  15-220 requires that an amended complaint be complete in itself without reference to any prior

13  pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

14  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

19  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

20  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

21  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

22  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

23  588 F.2d 740, 743 (9th Cir. 1978).

24      Based on the foregoing, it is HEREBY ORDERED that:

25      1.     The Clerk's Office shall send plaintiff a civil rights complaint form;

26      2.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:

27           a.     File an amended complaint curing the deficiencies identified by the court in

28                  this order, or

7

b.    Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Malifi, Mattingly, Parks, Ortiz, Martin, Allison, and Kern for violation of the right to association under the First Amendment; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    May 23, 2006**              _____**/s/ Sandra M. Snyder**_____
icido3                                    UNITED STATES MAGISTRATE JUDGE

8